**FILED**

JAN 13 2005

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | |
|---|---|
| Elizabeth R. Cutright, individually and on behalf of others similarly situated, 14 Gregg St., Graniteville, SC 29829<br><br>and<br><br>Tina Bevington, individually and on behalf of others similarly situated, 108 Southern View Drive, Graniteville, SC 29829<br><br>          Plaintiffs,<br><br>v.<br><br>Norfolk Southern Corporation<br>c/o CT Corporation System<br>75 Beattie Place<br>Greenville, SC 29601<br><br>and<br><br>John Does 1-10<br>Norfolk Southern Railway<br>Crewmembers, and Residents of<br>South Carolina<br>Names and address unknown<br><br>          Defendants. | **NOTICE OF REMOVAL**<br><br>C.A. 1:05-115-24 |

**TO:** The Honorable District Court of the United States for the District Of South Carolina, Aiken Division

Defendant, Norfolk Southern Corporation, would respectfully show unto the court as follows:

1. The defendant, Norfolk Southern Corporation, is a party to a civil action brought against it in the Court of Common Pleas of Aiken County entitled "Elizabeth R. Cutright, individually and on behalf of others similarly situated, 14 Gregg Street, Graniteville, SC 29820

and Tina Bevington, Individually and on behalf of others similarly situated, 108 Southern View Drive, Graniteville, SC 29829 v. Norfolk Southern Corporation, c/o CT Corporation System, 75 Beattie Place, Greenville, SC 29601 and John Does 1-10, Norfolk Southern Railway Crew Members, and Residents of South Carolina, Names and address unknown," C.A. No. 2005-CP-02-60, which action was commenced by the filing of a summons and complaint on January 12, 2005. No further proceedings have taken place in that action.

2. The United States District Court for the District of South Carolina, Aiken Division, has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among all properly joined parties, and the amount in controversy in this civil action, exclusive of interest and costs, exceeds the sum of $75,000.00.

3. Plaintiffs are citizens and residents of the State of South Carolina. (Complaint ¶ 12). Defendant Norfolk Southern Corporation is a corporation organized and existing pursuant to the laws of the State of Virginia with its principal place of business in Norfolk, Virginia. Pursuant to 28 U.S.C. § 1441, "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal. Accordingly, the alleged citizenship of Defendants John Does 1-10 shall be disregarded for purposes of this removal, and complete diversity of citizenship exists among all properly joined parties since no party properly joined as a defendant is a citizen of the State of South Carolina, the state in which this action was brought.

4. Further, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Plaintiffs seek recovery of alleged damages including property damage, economic loss and expense, emotional distress, discomfort and inconvenience, physical injury, and need for medical monitoring. Plaintiffs have also requested punitive damages, attorneys'

fees, accountants' fees, auditors' fees "and other recovery allowed by law." (Prayer for Relief). Because Plaintiffs allege that their claims are typical of the claims and injuries of each class sought to be certified (Complaint at ¶ 4), and because members of the proposed classes would include eight people who allegedly died as a result of the accident, people who allegedly were hospitalized (including several who were admitted and/or remain in ICU), and people who allegedly sustained property damage to their home and personal property, it is facially apparent from the Complaint that Plaintiffs' claims exceed $75,000.00. Although Defendant denies any wrongdoing, the allegations of injuries and damages sought in the complaint are substantial and similar to other actions in which other plaintiffs have sought and recovered damages in excess of $75,000.00. Thus, the jurisdictional amount is satisfied.

5.    Additionally, because the named representative Plaintiffs meet the jurisdictional requirements for the Court to exercise diversity jurisdiction, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims within the class action. See Rosmer v. Pfizer Inc., 263 F.3d 110, 114 (4th Cir. 2001)(holding that § 1367 confers supplemental jurisdiction in a diversity class action, so long as one named plaintiff has a claim giving a federal court original jurisdiction); see also, Dash v. Firstplus Home Loan Trust, 248 F.Supp.2d 489, 498 (4th Cir. 2003)(holding that if a named representative plaintiff has a claim in excess of $75,000.00, then a federal court has jurisdiction over the entire class based upon supplemental jurisdiction under 28 U.S.C. § 1367). The claims are so related to one another that they are part of the same case or controversy under Article 3 of the United States Constitution. All classes allege that as a result of the same accident and circumstances, they have suffered damages and, therefore, all claims may be removed to this Court pursuant to 28 U.S.C. § 1441 with supplemental jurisdiction appropriate under 28 U.S.C. § 1367(a).

6. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders received by the removing defendants are attached hereto as Exhibit "A."

7. This notice of removal is filed within 30 days after the first receipt by any defendant of a copy of the initial pleadings setting forth the claims for relief upon which this action is based.

8. All defendants required for removal have joined in this removal.

9. Defendant submits this notice of removal without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. Defendant specifically reserve the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allotted under the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Norfolk Southern Corporation, prays that the above case now pending against it in the Court of Common Pleas for Aiken County, South Carolina, be removed therefrom to this Court.

January 13, 2005

*Ronald K. Wray, II*

Daniel B. White (Fed. I.D. #4612)
Ronald K. Wray (Fed. I.D. #5763)
Christopher M. Kelly (Fed. I.D. # 6999)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC 29603
(864) 271-9580
(864) 271-7502 FAX
dwhite@gwblawfirm.com
rwray@gwblawfirm.com
ckelly@gwblawfirm.com

Richard H. Willis (Fed. I.D. #6159)
NELSON MULLINS RILEY
  AND SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211
(803) 255-9480

Attorneys for Defendant,
Norfolk Southern Corporation

**EXHIBIT A**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN ) | |

Elizabeth R. Cutright, )
Individually and on behalf of others )
similarly situated, )
14 Gregg Street )
Graniteville, SC 29829 )
)
) **SUMMONS**
and )
)
Tina Bevington, )
Individually and on behalf of others )
similarly situated, )
108 Southern View Drive ) Case No.: 05-CP-02-__600__
Graniteville, SC 29829 )
)
)
Plaintiffs, )
)
vs. )
)
Norfolk Southern Corporation )
c/o CT Corporation System )
75 Beattie Place )
Greenville, SC 29601 )
)
and )
John Does 1-10 )
Norfolk Southern Railway )
crewmembers, and )
Residents of South Carolina )
Names and address unknown, )
)
_____ )

**TO THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscriber at the office of Robert M. Bell,

FILED __1/12__ 200__5__
_[signature]_
A.C.C.P.&G.S.    2:30 pm
_[signature]_

Robert M. Bell, LLC, 50 Canal Street, Suite 9, P. O. Box 421, Graniteville, South Carolina 29829 or Stephen K. Surasky, Surasky Law Firm, LLC, P.A., 2625 Jefferson Davis Highway, P. O. Box 1890, Langley, South Carolina, 29834 within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

ROBERT M. BELL, LLC

By: /s/ Robert Bell by Stephen Surasky

Robert M. Bell
P. O. Box 421
Graniteville, SC 29829
(803) 232-0300

STEPHEN K. SURASKY, LLC

By: /s/ Stephen K. Surasky

Stephen K. Surasky
P. O. Box 1890
Langley, SC 29834
(803) 593-3912

## IN THE COURT OF COMMON PLEAS
## SECOND JUDICIAL CIRCUIT

| | |
|---|---|
| **Elizabeth R. Cutright, individually and on behalf of others similarly situated,**<br>14 Gregg St.<br>Graniteville, SC 29829<br><br>and<br><br>**Tina Bevington, individually and on behalf of others similarly situated,**<br>108 Southern View Drive<br>Graniteville, SC 29829<br><br>Plaintiffs,<br><br>v.<br><br>Norfolk Southern Corporation<br>c/o CT Corporation System<br>75 Beattie Place<br>Greenville, SC 29601<br><br>and<br><br>**John Does 1-10**<br>Norfolk Southern Railroad crew members<br>Residents of South Carolina<br>Names and addresses unknown<br><br>Defendants. | Case No. 05-CP-02- 60<br><br>**Judge:**<br><br>**CLASS ACTION COMPLAINT**<br>**(Jury Demand Endorsed Herein)**<br><br>Robert M. Bell<br>**Robert M. Bell LLC**<br>P.O. Box 421<br>50 Canal Street, Suite 9<br>Graniteville SC 29829<br><br>Stephen Surasky<br>**Surasky Law Firm LLC**<br>P.O. Box 1890<br>Langley, SC 29834 |

FILED 1/12 2005
C.C.P. & G.S. 2:30
Miranda Brown
Deputy Clerk

Now come Plaintiffs and for their Complaint against Defendants state:

## CLASS ALLEGATIONS

1. Plaintiffs Elizabeth Cutright and Tina Bevington bring this action on behalf of themselves, and all other persons similarly situated (hereafter collectively APlaintiff@), as follows:

### Class A

All persons who owned or rented property in property within one mile of the January 6, 2005 chlorine spill in Graniteville, South Carolina.

### Class B

All persons who owned, rented, or resided in property within one mile of the January 6, 2005 chlorine spill in Graniteville, South Carolina, and who evacuated from the area or were unable to return to their homes.

### Class C

All persons who were within one mile of the January 6, 2005 chlorine spill in Graniteville, South Carolina on that date.

2. Each of these classes number in excess of 500 persons and each is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

3. The damages to the members of each class, present questions of law and fact which are common to each member of that class, and which are common to the entire class as a whole.

4. The claims, defenses, and damages of the representative Plaintiffs Elizabeth

Cutright and Tina Bevington are typical of the claims, defenses and injuries of each class, and the claims, defenses and injuries of the members of each class are typical of those of the entire class.

5. Representative Plaintiffs Elizabeth Cutright and Tina Bevington will fully and adequately protect and represent each class, and all of its members.

6. The identity of all members of each class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant Norfolk Southern and others.

7. The prosecution of separate actions by members of each class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of that class which would establish incompatible standards of conduct for the Defendants.

8. Further, the prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of each class which, as a practical matter, would be dispositive of the interest of other members not party to the adjudication, thereby substantially impairing and impending their ability to protect these interests.

9. The maintenance of this suit as a class action, for one or more of these classes, is the superior means of disposing of the common questions which predominate here.

## PARTIES

10. Defendant, Norfolk Southern is a railroad corporation which operates trains along lines which run through Aiken County, South Carolina.

11. Defendants John Doe 1-10 are employees of the Norfolk Southern Railroad whose negligent acts caused or contributed to the chlorine spill, and some or all of

Defendants John Does 1-10 are residents of the State of South Carolina.

12. Plaintiffs are individuals suing on behalf of themselves and others similarly situated, who reside in Graniteville, South Carolina.

13. Plaintiff Elizabeth Cutright lives at 14 Gregg Street, Graniteville, South Carolina within the class area and is a resident and real estate property owner affected by the chlorine spill and evacuation; Tina Bevington lives at 108 Southern View Drive, Graniteville, South Carolina within the class area and is a resident and real estate property owner affected by the chlorine spill and evacuation.

14. Plaintiffs and members of the class, including those who were forced out of their homes Thursday, January 6, 2005 due to Defendant=s actions, have sustained real estate damage and/or require future medical monitoring as a result of the toxic spill as described in this complaint.

## BACKGROUND FACTS

15. On January 6, 2005, Defendants were operating a train in Graniteville, Aiken County, South Carolina which, among other items, carried chlorine.

16. At approximately 2:00 a.m. the train collided with another train and derailed.

17. One of the cars on the train, carrying chlorine, ruptured or otherwise released some or all of its contents as a result of the derailment.

18. Chlorine is hazardous to life, health and property.

19. The chlorine entered the neighboring community.

20. It is dangerous to be near or around this corrosive gas, for it is known to cause lung damage, eye damage and skin damage, as well as other injuries and damage to property.

4

21. Class members within a 1 mile radius of the derailment were required to leave their homes or the area.

22. As a result of the foregoing, the class members in Class A have experienced property damage and expense, all to their damage. The members of Class B have experienced economic loss and expense, emotional distress, discomfort and inconvenience, all to their damage. The members of Class C have experienced physical injury, emotional distress, need for medical monitoring, pain and discomfort, and inconvenience, all to their damage. It is further asserted by Plaintiffs that such losses may be permanent to both real property and person.

## COUNT ONE
### (Negligence of Norfolk Southern and John Does 1-10)

23. Plaintiffs re-allege all matters set forth above.

24. The derailment of the subject train occurred due to the negligence of Norfolk Southern Railroad through the acts of its employees, including but not limited to John Does 1-10, and through the negligence of John Does 1-10. Defendants Norfolk Southern Railroad and John Does 1-10 had, and in this matter breached, a duty to:

- operate their train in a safe manner; and,
- adequately inspect, repair and maintain its equipment, including the locomotive, cars, switches and all other mechanical devices.

25. As a direct and proximate result of the foregoing, and of Defendants' breach of their

5

duties and Defendants' negligence, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## COUNT TWO
### (Negligence of Norfolk Southern)

26. Plaintiffs re-allege all matters set forth above.

27. Defendant Norfolk Southern Railroad had, and in this matter breached, a duty to implement rules and procedures to prevent the collision of its trains; and to ensure the safety of its trains in "dark signal" areas.

28. As a direct and proximate result of the foregoing, and of Defendants= breach of their duties and Defendant Norfolk Southern's negligence, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## COUNT THREE
### *(Res Ipsa)*

29. Plaintiffs re-allege all matters set forth above.

30. The subject train was an instrumentality within the exclusive control of Defendant Norfolk Southern Railroad at the time the derailment occurred.

31. But for the negligence of Defendant Norfolk Southern Railroad, the derailment would not have occurred.

32. As a direct and proximate result of the foregoing, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## COUNT FOUR
### (Nuisance)

33. Plaintiffs re-allege all matters set forth above.

34. Defendant Norfolk Southern Railroad's actions described above endangered the health of persons in the surrounding community, gave offense to the senses, caused discomfort to the named Plaintiffs and the class members, and obstructed and interfered with their reasonable and comfortable use of property.

35. Plaintiffs' real property has suffered a diminution of value as direct and proximate result of the chlorine spill.

36. The foregoing activities constitute a nuisance for which Plaintiffs and the class members are entitled to recovery.

37. As a direct and proximate result of the foregoing, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## COUNT FIVE
### (Reckless or Willful and Wanton Conduct)

38. Plaintiffs re-allege all matters set forth above.

39. The actions of Defendant Norfolk Southern Railroad described herein were reckless, or were willful and wanton.

40. Said actions demonstrated a conscious disregard of a known risk having a substantial likelihood of causing serious harm.

41. As a direct and proximate result of the foregoing, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## DAMAGES

42. Plaintiffs re-allege all matters set forth above.

43. Plaintiffs have sustained some or all of the following damages:

    - The right and necessity to have a home inspector of their choice fully inspect their homes and soil to make certain it is safe to re-inhabit and to accurately inspect and estimate the full amount of property damage to their homes.

    - The right to have all such damage repaired promptly and fully.

    - The right and necessity to have prompt and immediate medical monitoring because of exposure to the dangerous, caustic, and damaging chlorine gas.

    - The right and necessity to have future medical monitoring at a reasonable frequency and duration as is medically necessary.

    - The right to full compensation for diminution of their property value in the affected area.

    - The right to full compensation for per diem economic loss and expense meals and lodging.

    - The right to full compensation for emotional distress, pain, discomfort and inconvenience.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. A declaration that this action may be maintained as a class action pursuant to Rule 23 of the South Carolina Rules of Civil Procedure and for an Order certifying this case as a class action.

2. Compensatory damages outlined above, together with interest, attorneys fees and

8

costs.

    3. Punitive damages with interest, attorney's fees and costs.

    4. For declaratory judgment, declaring that the acts and practices set forth above are a breach of Defendants' obligations to the Plaintiffs for one or more of the reasons set forth in this Complaint, and for an order requiring Defendants to pay all attorneys fees and accountant or auditing fees incurred in this matter, and to pay all other damages and losses sustained by Plaintiffs, for which Plaintiffs are entitled to judgment under law.

    5. For an award of attorneys' fees, accountant fees, auditor's fees and other recovery allowed by law.

    6. And for any other or further relief to which this Honorable Court or a trier of fact deems are just and equitable and to which Plaintiffs are entitled.

Respectfully submitted,

_____
Robert M. Bell
Stephen Surasky
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand that this matter be tried by a jury of the maximum number allowed by law.

_____
Robert M. Bell
Stephen Surasky
Attorney for Plaintiffs