IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| IN RE:  GRANITEVILLE TRAIN DERAILMENT | ) ) ) | |
| JESSICA CURTIS, TIMOTHY ARD, JAMES SPLAWN, BETHLEHEM BAPTIST CHURCH OF GRANITEVILLE, INC., MIKE WILLIAMS CONSTRUCTION LLC, ELIZABETH R. CUTRIGHT, and TINA BEVINGTON, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) | Civil Action No.  1:05-115-24 |
| Plaintiffs, | ) ) | |
| vs. | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY | ) ) ) | |
| Defendant. | ) ) | |

_____

**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS
SETTLEMENT, CLASS NOTICE AND RELATED MATTERS**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii
BACKGROUND OF THE CASE ........................................................................................ 2
SUMMARY OF PROPOSED CLASS AND SETTLEMENT ........................................... 3
ARGUMENT ....................................................................................................................... 5
I.      THE PROPOSED SETTLEMENT SATISFIES  THE
REQUIREMENTS FOR PRELIMINARY APPROVAL ........................................... 5
    A.     Legal Standard ............................................................................................. 5
    B.     There Is Probable Cause to Notify the Class Because the  Proposed
          Settlement Is the Result of Arms' Length Negotiations ................................ 7
    C.     The Proposed Settlement Falls within the Range of Possible Approval ...... 8
II.     THE COURT SHOULD APPROVE THE PROPOSED NOTICE
TO THE PUTATIVE CLASS ............................................................................... 11
    A.     Legal Standard ........................................................................................... 11
        1.     Notice Contents ............................................................................. 12
        2.     Notice Plan .................................................................................... 12
III.    APPROVAL OF OTHER RELATED MATTERS ............................................... 13
    A.     Appointment of Class Counsel ................................................................... 14
    B.     Appointment of the Notice Agent ............................................................... 14
    C.     Appointment of the Special Master ............................................................ 15
    D.     Appointment of the Guardian Ad Litem ..................................................... 15
    E.     Approval of Class Settlement Claims Office to  Receive Proof of
          Claim Forms Pending Final Approval ........................................................ 15
CONCLUSION ................................................................................................................. 16

## TABLE OF AUTHORITIES

Cases                                                                    Page

Armstrong v. Board of School Directors, 616 F.2d 305 (7th Cir. 1980),
    overruled on other grounds by Felzen v. Andreas, 134 F.3d 873
    (7th Cir. 1998) ......................................................................................... 6

Clark v. Experian Information Solutions, Inc., 219 F.R.D. 375 (D.S.C.
    2003) ....................................................................................................... 6

Curtiss-Wright Corp. v. Helfand, 687 F.2d 171 (7th Cir. 1982)....................................... 11

Flinn v. FMC Corp., 528 F.2d 1169 (4th Cir. 1975).................................................... 5, 6, 9

Grice v. PNC Mortgage Corp. of America, No. CIV. A. PJM-97-3084,
    1998 WL 350581 (D. Md. May 21, 1998) ............................................ 12

Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F. Supp. 825
    (E.D.N.C. 1994) .................................................................................. 6, 7

Isby v. Bayh, 75 F.3d 1191 (7th Cir. 1996) ......................................................... 8

In re Jiffy Lube Securities Litigation, 927 F.2d 155 (4th Cir. 1991) .......................... 5, 6, 7,
    8, 9

In re Mid-Atlantic Toyota Antitrust Litigation, 564 F. Supp. 1379 (D. Md.
    1983) ................................................................................................ 6, 7, 9

In re Prudential Insurance Co. of America Sales Practices Litigation, 962
    F. Supp. 450 (D.N.J. 1997), aff'd, 148 F.3d 283 (3d Cir. 1998) ............................ 12

In re Prudential Securities Inc. Ltd. Partnerships Litigation, 163 F.R.D.
    200 (S.D.N.Y. 1995) ............................................................................. 11

In re Serzone Products Liability Litigation, No. MDL NO. 1477, 2004 WL
    2849197 (S.D. W. Va. Nov. 18, 2004) .............................................. 7, 8

South Carolina National Bank v. Stone, 139 F.R.D. 335 (D.S.C. 1991)................. 7, 9, 12

Torrisi v. Tucson Electric Power Co., 8 F.3d 1370 (9th Cir. 1993) ................................ 11

Weinberger v. Kendrick, 698 F.2d 61 (2d Cir. 1982)........................................................ 8

<u>Statutes and Rules</u>

Fed. R. Civ. P. 23(e)(1) .......................................................................................... 6

Fed. R. Civ. P. 23(e)(1)(B) ..................................................................................... 11

<u>Other Authorities</u>

<u>Manual for Complex Litigation (Fourth)</u> § 21.312 (2004) ............................................... 12

<u>Manual for Complex Litigation (Fourth)</u> § 21.61 (2004) .................................................. 8

<u>Manual for Complex Litigation (Fourth)</u> § 21.62 (2004) .................................................. 8

<u>Manual for Complex Litigation (Fourth)</u> § 21.632 (2004) ............................................. 6, 7

<u>Manual for Complex Litigation (Fourth)</u> § 21.633 (2004) ................................................ 7

<u>Manual for Complex Litigation (Fourth)</u> § 21.634 (2004) ................................................ 6

COME NOW Plaintiffs, Jessica Curtis, Timothy Ard, James Splawn, Bethlehem Baptist Church of Graniteville, Inc., Mike Williams Construction LLC, Elizabeth R. Cutright, and Tina Bevington, individually and on behalf of all others similarly situated ("Plaintiffs") and defendant Norfolk Southern Railway Company ("NSRC"), by their undersigned counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to jointly request that this Court enter an order (i) preliminarily approving the settlement of the proposed class as set forth in the Proposed Settlement Agreement, dated May 24, 2005, attached hereto as Exhibit A, together with all of its Exhibits attached thereto (the "PSA" or the "Proposed Settlement"), (ii) approving the class notice attached hereto as Exhibit G to the PSA (the "Notice") and directing the Notice be distributed in the manner described in the PSA, (iii) scheduling a fairness hearing to consider final approval of the Proposed Settlement and certification of the Class, and (iv) approving other related matters pertinent to the Proposed Settlement (i.e., approving the appointment of (1) Joseph F. Rice, Esq., of Motley Rice LLC, and Terry E. Richardson, Esq., of Richardson, Patrick, Westbrook and Brickman LLC as Co-Lead Class Counsel, who together with the other members of the Class Counsel Steering Committee shall be "Class Counsel," (2) Ms. Georgina Ridlay as the Guardian Ad Litem, (3) Honorable A. Victor Rawl, as the Special Master, (4) Poorman-Douglas Corporation as the Notice Agent, and approving the receipt of Proof of Claim Forms (that are submitted by members of the putative Class) by the Class Settlement Claims Office pending final approval of the Proposed Settlement).  In support of this Motion, Plaintiffs, Class Counsel and NSRC (collectively the "Parties") state the following:

## BACKGROUND OF THE CASE

This case arises from a train collision and derailment that occurred on January 6, 2005, involving a NSRC train at Graniteville, South Carolina and a subsequent release of chlorine, emergency response, clean-up, shelter-in-place, and evacuation.  As part of the emergency response to the derailment, public officials ordered an evacuation of approximately 5,400 people within a certain area around the derailment (Affidavit of Sheriff, Ex. B).  Numerous people and entities claim to have incurred (i) property damages, (ii) evacuation, involuntary confinement and shelter-in–place, and other evacuation-related expenses and losses, (iii) certain personal injuries and emotional distress damages, and (iv) other damages as a result of the derailment and release of chlorine.  Plaintiffs filed this case on behalf of themselves and others similarly situated seeking recovery of such personal injury damages, property damages, and evacuation-related expenses and losses.

Beginning in February of 2005, counsel for Plaintiffs, Joseph F. Rice, Esq., of Motley Rice LLC, and Terry E. Richardson, Esq., of Richardson, Patrick, Westbrook and Brickman LLC ("Co-Lead Class Counsel"), and counsel for NSRC have engaged in extensive, arms-length negotiations regarding the issues presented in this litigation and the possible terms of a partial settlement of some of the claims asserted by Plaintiffs – namely, settlement of the claims relating to property damages, evacuation, involuntary confinement and shelter-in–place, evacuation-related expenses and losses, and minor personal injuries and emotional distress damages, and other damages.  After three months of nearly continuous arms-length negotiations, which included numerous conference calls and in-person negotiating sessions in South Carolina, Washington, D.C. and New York as well as an in-person survey of the derailment site and surrounding area by Mr. Rice and

2

counsel for NSRC, and after analyzing the relevant facts and applicable law, taking into account the burdens, risks, uncertainties, time, and expense of litigation, as well as the merits of the terms and procedures for a fair, cost-effective and a sure method of resolving certain of the claims of the proposed Class (as defined in the PSA), Class Counsel and NSRC arrived at the partial settlement set forth in the PSA. (See Affidavit of Joseph F. Rice. Esq., Ex. C).

Class Counsel has concluded that the partial settlement set forth in the PSA, which does not provide for settlement of any serious personal injury or wrongful death claims, is fair, reasonable, adequate and in the best interests of the proposed Class. Likewise, NSRC has concluded that resolving the claims settled under the terms of the Proposed Settlement is desirable to reduce the time, risk and expense of defending multiple claims and multiple party litigation, and to resolve finally and completely the property damage, evacuation-related, and all claims and damages of those Plaintiffs and members of the proposed Class who may have incurred minor personal physical injuries.

## SUMMARY OF PROPOSED CLASS AND SETTLEMENT

While the terms of the Proposed Settlement are set forth more fully in the PSA, for the Court's convenience, the important terms and features of the Proposed Settlement are summarized here.

The Proposed Settlement provides a compensation and reimbursement scheme for three (3) subclasses. Subclass 1, the property damage subclass, seeks to reimburse or compensate persons or entities whose property incurred demonstrable physical injury due to exposure to chlorine. Qualifying members of Subclass 1 may be eligible to have their chlorine-damaged property repaired, replaced or compensated for. Subclass 2, the evacuation damage subclass, seeks to reimburse and compensate those persons or entities

3

that incurred evacuation-related damages or expenses. Here, qualifying members of Subclass 2 may be eligible to have, among other things, (i) their evacuation expenses reimbursed, (ii) lost wages or lost business profits reimbursed, and (iii) property that was damaged due to the evacuation but not to exposure to chlorine, repaired, replaced or compensated for. The Proposed Settlement also provides a lump sum payment to each household within the evacuation and shelter-in-place areas, in order to compensate for any inconvenience due to the evacuation and/or shelter-in-place. Finally, Subclass 3, the minor personal injury and emotional distress subclass, seeks to compensate persons for their minor personal injury and related emotional distress claims arising from the derailment and evacuation. A qualifying member of Subclass 3 would be eligible for a compensation amount based on their physical location during the two (2) hour period following the derailment. A putative Class member may qualify to be a member of one or more of these subclasses.

The Proposed Settlement also provides for a claims processing procedure with built-in process protections for the putative Class. The proposed Class will have ample time to fill out and submit Proof of Claim Forms (until August 1, 2005). What is more, Class Counsel will be available at the Class Settlement Claims Office to assist members of the putative Class with filling-out their claim submissions, if they so request. Once a Class member's submission has been evaluated and processed, the Class Settlement Claims Office will serve a claim response report, outlining the relief to be afforded on the Class member's claims. The Class member may accept the proposed relief, choose to meet and confer with the Class Settlement Claims Office to discuss the proposed relief, or appeal the proposed relief to the neutral Special Master.

**ARGUMENT**

**I.    THE PROPOSED SETTLEMENT SATISFIES
        THE REQUIREMENTS FOR PRELIMINARY APPROVAL**

In determining whether preliminary approval is warranted, two issues must be decided. The first issue is whether the Proposed Settlement is within the range of what might ultimately be found fair, reasonable and adequate, under the standards set forth in the Fourth Circuit in <u>Flinn v. FMC Corp.</u>, 528 F.2d 1169 (4th Cir. 1975), and its progeny, <u>In re Jiffy Lube Securities Litigation</u>, 927 F.2d 155 (4th Cir. 1991), and thus warrants publication of notice and scheduling of a hearing to consider final settlement approval. The second issue is whether the proposed notice and notice plan will provide the best notice practicable, as required under Rule 23 and the due process clause of the Constitution. As explained below, the terms of the Proposed Settlement are fair, reasonable and adequate (for preliminary approval purposes), and the notice plan exceeds the requirements of Rule 23 and due process.

**A.    Legal Standard**

Rule 23(e) provides:

(1) (A)  The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class.

(B) The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.

(C) The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

Fed. R. Civ. P. 23(e)(1). Judicial approval is necessary to insure that the rights of absent class members are adequately protected. See Jiffy Lube, 927 F.2d at 158; Clark v. Experian Info. Solutions, Inc., 219 F.R.D. 375, 378 (D.S.C. 2003).

Courts apply a two-step approach to the settlement approval process. See Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F. Supp. 825, 827 (E.D.N.C. 1994); Armstrong v. Bd. of School Dirs., 616 F.2d 305, 314 (7th Cir. 1980), overruled on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998); In re Mid-Atlantic Toyota Antitrust Litig., 564 F. Supp. 1379, 1384 (D. Md. 1983). In the first step, preliminary approval, the court reviews the proposed settlement for obvious deficiencies, schedules a fairness hearing and provides the class with notice of the proposed settlement and hearing; in the second step, the court considers final approval of the proposed settlement at a formal fairness hearing during which arguments and evidence may be presented in support of and in opposition to the settlement. See Horton, 855 F. Supp. at 827; Armstrong, 616 F.2d at 314; Mid-Atlantic Toyota, 564 F. Supp. at 1384; Manual for Complex Litigation (Fourth) §§ 21.632, 21.634 (2004) (hereinafter, "Manual"). At the later fairness hearing, the Court will be asked to consider in an in-depth fashion whether the proposed settlement is fair, reasonable, and adequate under the factors well-established in this Circuit. See Jiffy Lube, 927 F.2d at 158-59 (setting forth fairness and adequacy factors to be considered for approval of class settlement); Flinn, 528 F.2d at 1173-74 (same).

On a motion for preliminary approval, however, the Court's function is merely to ascertain whether there is "probable cause" to notify class members of the proposed settlement and to proceed with a fairness hearing. Mid-Atlantic Toyota, 564 F. Supp. at

1384; see Armstrong, 616 F.2d at 314. When a proposed settlement appears to fall within the range of "possible approval," it is appropriate to issue preliminary approval and direct notice to members of the settlement class. See Horton, 855 F. Supp. at 827-28; see also Manual, supra, §§ 21.632, 21.633.

**B.      There Is Probable Cause to Notify the Class Because the
         Proposed Settlement Is the Result of Arms' Length Negotiations**

There is probable cause to notify the class of the Proposed Settlement because it is the result of arms' length negotiations. Courts in the Fourth Circuit look to the fairness factors set forth in Flinn and Jiffy Lube in determining whether there is probable cause to notify the class. See In re Serzone Prods. Liab. Litig., No. MDL NO. 1477, 2004 WL 2849197, at *2-3 (S.D. W. Va. Nov. 18, 2004) (applying Jiffy Lube factors in preliminarily approving class settlement); see also Mid-Atlantic Toyota, 564 F. Supp. at 1383-85. The fairness factors concern whether there has been arms' length bargaining. See Mid-Atlantic Toyota, 564 F. Supp. at 1383, 1385; South Carolina Nat'l Bank v. Stone, 139 F.R.D. 335, 339 (D.S.C. 1991). Courts consider (i) the posture of the case at the time of settlement, (ii) the extent of discovery that has been conducted, (iii) the circumstances surrounding the negotiations, and (iv) the experience of counsel. See Jiffy Lube, 927 F.2d at 158-59; South Carolina Nat'l Bank, 139 F.R.D. at 339.

The fairness factors, as applied to the present case, favor preliminary approval of the Proposed Settlement. First, collusion is absent. A proposed class action settlement is considered presumptively fair where, as here, there is no evidence of collusion and the parties, through capable counsel, have engaged in arms' length negotiations. See South Carolina Nat'l Bank, 139 F.R.D. at 339 ("In assessing fairness and adequacy of a proposed settlement 'there is a strong initial presumption that the compromise is fair and

reasonable.'") (citation omitted); see also Manual, supra, §§ 21.61, 21.62. Plaintiffs intend to litigate the action vigorously to benefit the proposed Class. Plaintiffs' efforts in advancing the proceedings were not affected by the on-going settlement negotiations, which were difficult, complex, and protracted.

Second, Class Counsel was fully and sufficiently informed to vigorously advocate on the putative Class' behalf. In addition to the formal discovery that has commenced and is continuing, Class Counsel engaged in extensive factual investigation and legal analysis in order to obtain sufficient information to weigh the benefits of the Proposed Settlement against the risks of continued litigation. Cf. Jiffy Lube, 927 F.2d at 159 (noting that fairness factors satisfied notwithstanding early stage of litigation at which settlement reached). It is on the basis of its extensive investigation and analysis that Class Counsel, who has substantial experience in prosecuting and negotiating the settlement of mass-accident class actions (see Motley Rice Firm Resume, Ex. D; Richardson Firm Resume, Ex. E), recommends approval of the Proposed Settlement as in the best interest of the putative Class. See Isby v. Bayh, 75 F.3d 1191, 1200 (7th Cir. 1996) (noting that the court is "entitled to give consideration to the opinion of competent counsel that the settlement [is] fair, reasonable, and adequate"); see also Weinberger v. Kendrick, 698 F.2d 61, 74 (2d Cir. 1982) (noting that absent fraud, collusion or the like, courts should be hesitant about substituting their own judgment for that of counsel).

**C.** **The Proposed Settlement Falls within the Range of Possible Approval**

The Proposed Settlement falls within the range of possible approval and therefore should be preliminarily approved. Fourth Circuit courts consider the adequacy of the settlement to determine whether the compromise falls within the range of possible approval. See Serzone Prods. Liab. Litig., 2004 WL 2849197, at *2-3 (applying Jiffy

8

<u>Lube</u> factors in preliminarily approving class settlement); <u>see also</u> <u>Mid-Atlantic Toyota</u>, 564 F. Supp. at 1385.  Like the fairness factors, courts in this Circuit weigh the adequacy factors articulated in <u>Flinn</u> and <u>Jiffy Lube</u>:  (i) the relative strength of plaintiffs' case on the merits; (ii) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (iii) the anticipated duration and expense of additional litigation; (iv) the solvency of the defendants and the likelihood of recovery of a litigated judgment; and (v) the degree of opposition to the settlement.  <u>See</u> <u>Jiffy Lube</u>, 927 F.2d at 159; <u>Flynn</u>, 528 F.2d at 1173-74.[1]  While the Court will consider these factors and the adequacy of the Proposed Settlement in more detail at the fairness hearing,[2] weighing these factors now demonstrates that the Proposed Settlement is adequate for preliminary approval purposes (that the Proposed Settlement falls within the range of possible approval).

First, the strength of Plaintiffs' case balanced against the relatively assured compensation under the Proposed Settlement weighs in favor of the adequacy of the compromise.  Plaintiffs' ability to prevail on the merits of this litigation, like all contested matters, is uncertain.  The Proposed Settlement, however, confers relatively assured and substantial benefits for Class members' property damage, evacuation-related expenses and losses, and minor personal injury claims, while preserving their more serious

---

[1] The solvency of the defendants is not relevant to the present case.  Also, Class Counsel is unaware of any significant opposition to the Proposed Settlement at this time.  Regardless, the opposition to the settlement factor can be more appropriately considered at the full fairness hearing.

[2] It is at the full fairness hearing that the Court will vet, in-depth, the fairness, reasonableness and adequacy of the Proposed Settlement.  <u>See</u> <u>South Carolina Nat'l Bank</u>, 139 F.R.D. at 338-41.  At the preliminary approval stage, the Court looks to the fairness and adequacy factors only to the extent necessary to determine that the Proposed Settlement falls within the range of possible approval. See <u>supra</u> Part I.A.  Indeed, even at the final approval stage, courts are "not to decide the merits of the case or to attempt to resolve unsettled factual or legal questions when reviewing the adequacy of a proposed settlement." <u>South Carolina Nat'l Bank</u>, 139 F.R.D. at 339.

personal injury claims. (Affidavit of Dr. Stephen Koenig, Ex. F; see also Affidavit of Dr. Alan Leff, Ex. G).

Second, the compensation afforded under the Proposed Settlement correlates adequately with the claims of damages and losses asserted by Plaintiffs: It is Class Counsel's opinion that the level of compensation provided for under the Proposed Settlement is consistent with Class Counsel's best estimate of the damages and losses relating to the Plaintiffs' claims that are to be settled. The Proposed Settlement essentially provides for full compensation on Plaintiffs' property damage claims. Under the PSA, NSRC will repair, replace or provide compensation for qualifying Class member's chlorine-damaged property or property damaged by the evacuation.

The Proposed Settlement also makes adequate distinctions between different claims within the same class in order to arrive at adequate compensation amounts that reasonably correlate with the characteristics of a particular Class member's claims. For example, residential dwellings (i.e., residential addresses) that were located in areas that were subject to longer periods of evacuation will receive $2,000 lump sum payments, while residential dwellings in areas that were subject to fewer days of evacuation will receive $1,000, for inconvenience and other claims. The Proposed Settlement also provides for varying treatment of damaged property claims based on the location of the claimed property in the Evacuation Zones; this variance in treatment is based on expert inspections of the evacuation areas. (See Affidavit of Richard J. Lee (regarding Inner Zone (as defined in the PSA) geographical area), Ex. H). The amount a member of Subclass 3 may potentially recover for minor personal injuries will vary depending upon the Class member's proximity to the derailment area – meaning, their recovery will

depend on the level of risk to which their person was potentially exposed. Variations in allocations between and among class members within a single class based on the varying characteristics of respective claims are well accepted by the courts. See, e.g., Curtiss-Wright Corp. v. Helfand, 687 F.2d 171, 174-75 (7th Cir. 1982) (allocation of fund was governed by traditional equity rules and could be resolved by weighing relative deservedness of class members based on the facts of the cases); see also Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1372-73, 1377-78 (9th Cir. 1993) (affirming approval of settlement that allocated certain claims four times the weight of other claims).

Finally, the complexity, length, and expense of further litigation weighs heavily in favor of the Proposed Settlement as well. There is no doubt that the time and expense of continuing the litigation would be substantial. Transactional costs of continuing the action in the courts could gut whatever judgment Plaintiffs could recover through litigation. Avoiding that unnecessary and unwarranted expenditure of resources and time would benefit all parties and the Court. See In re Prudential Sec. Inc. Ltd. P'ships Litig., 163 F.R.D. 200, 210 (S.D.N.Y. 1995). The Proposed Settlement provides an expeditious route to recovery for the Class that heavily outweighs the cost, uncertainty, and various other risks associated with continued litigation.

## II.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE TO THE PUTATIVE CLASS

### A.    Legal Standard

The Notice and the proposed notice plan satisfy Rule 23(e) and due process. Under Rule 23(e), the "court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement." Fed. R. Civ. P. 23(e)(1)(B).

The notice must be "the best practicable notice under the circumstances" and must satisfy

due process.  South Carolina Nat'l Bank, 139 F.R.D. at 338.

### 1.    Notice Contents

The Notice -- both the mailed version and the abbreviated publication version --

accurately summarizes the settlement terms and advises the putative Class of the benefits,

rights and limitations of the Proposed Settlement.  See Grice v. PNC Mortgage Corp. of

America, No. CIV. A. PJM-97-3084, 1998 WL 350581, at *7 (D. Md. May 21, 1998).

While the Notice condenses the terms of the Proposed Settlement, it covers all relevant

topics:  the history of the litigation, the substantive terms of the Proposed Settlement, the

Class definitions, the effect of the Proposed Settlement and release of claims, conditions

of the Proposed Settlement, what putative Class members must do to exclude themselves

from the Class, what they must do if they wish to object to the Class certification, and

what they must do if they wish to file a claim under the Proposed Settlement.  The

Notice, furthermore, is written and formatted to communicate this information in a

manner that will be understood by members of the Class, who, presumably, are not

lawyers.  See id. (the notice should "employ[] plain language"); see also In re Prudential

Ins. Co. of America Sales Practices Litig., 962 F. Supp. 450, 495-96 (D.N.J. 1997), aff'd,

148 F.3d 283 (3d Cir. 1998); Manual, supra, § 21.312.

### 2.    Notice Plan

The proposed notice plan is also the best practicable under the circumstances,

especially in light of the fact the train derailment occurred less than six (6) months ago.

The proposed notice plan involves four fronts.  First, it provides for publication of the

abbreviated Notice on two (2) days over two (2) consecutive weeks, namely June 1, 2005

and June 7, 2005, in the local county papers, the Aiken Standard and the Augusta

Chronicle, and publication once in the weekly Spanish language local paper, Fronteras, during the week of June 10, 2005. Second, the Notice will be distributed by direct mail to all premises within the Evacuation Zones (as defined in the PSA), which constitutes the geographical area of the Class (Affidavit of Sheriff, Ex. B), which mailing will be placed in the mail on or before June 1, 2005. Third, the Notice will be mailed to lien holders and subrogees of Class members due to payments made as a result of the Incident that are known and identified in the PSA as of this date or become known to NSRC by June 1, 2005, which mailing will be placed in the mail on or before June 2, 2005. Fourth, courtesy copies of the Notice will be mailed to attorneys, other than Class Counsel, known to represent members of the putative Class. The notice plan also proposes that the abbreviated Notice be posted at the office of the Clerk of Court for the Aiken County Court of Common Pleas and that a toll free number with an automated information system be made available in both English and Spanish, for the period from June 1, 2005 up to and including August 1, 2005. Finally, the notice plan provides for the development and management of a website to provide information and permit the review and downloading of the Notice, PSA and other forms, for the period from June 1, 2005 up to and including August 1, 2005. Accordingly, the Notice and the proposed notice plan are not only the best practicable, but are comprehensive and far-reaching. By any measure they meet and exceed all the requirements of due process and Rule 23. (Affidavit of Cameron Azari, Esq., Ex. I)

## III.    APPROVAL OF OTHER RELATED MATTERS

The Parties also request the Court to approve other related matters. In order for the Proposed Settlement to be properly implemented, these matters need to be approved pending finally approval and certification of the Class.

### A.    Appointment of Class Counsel

The Parties move the Court to approve the appointment of Joseph F. Rice, Esq., of Motley Rice LLC and Terry E. Richardson, Esq., of Richardson, Patrick, Westbrook and Brickman LLC as Co-Lead Class Counsel for the putative Class.  Messrs. Rice and Richardson have been intimately involved with the litigation from its inception; they have vigorously advocated on behalf of Plaintiffs and the Class during the difficult, complex, and protracted negotiations with counsel for NSRC.  Both are intimately familiar with the terms and procedures set forth in the Proposed Settlement, and therefore, will be able to assist the members of the putative Class with preparing submissions for settlement and answering any questions putative Class members and the community may have.  Finally, both the Motley Rice LLC firm and the Richardson, Patrick, Westbrook and Brickman LLC firm have substantial experience in prosecuting and negotiating the settlement of mass-accident class actions. (See Motley Rice Firm Resume, Ex. D; Richardson Firm Resume, Ex. E).  For the foregoing reasons, the Parties request that the Court approve and appoint Joseph F. Rice, Esq., of Motley Rice LLC and Terry E. Richardson, Esq., of Richardson, Patrick, Westbrook and Brickman LLC as Co-Lead Class Counsel for the proposed Class, and who together with the other members of the Class Counsel Steering Committee identified on Exhibit J, should be approved and appointed collectively as "Class Counsel" for the putative Class.

### B.    Appointment of the Notice Agent

The Parties have agreed that Poorman-Douglas Corporation should serve as the Notice Agent and will have those responsibilities set forth in the PSA.  The Parties, therefore, request that the Court approve and appoint Poorman-Douglas Corporation to

serve as the Notice Agent with authority to perform the duties described in the PSA, including the processing of any opt outs.

### C.    Appointment of the Special Master

The Parties have agreed that former South Carolina Circuit Court Judge A. Victor Rawl should serve as the neutral Special Master and will have those responsibilities set forth in the PSA. The Parties, therefore, request the Court to approve and appoint the Honorable A. Victor Rawl to serve as the neutral Special Master with authority to perform the duties described in the PSA.

### D.    Appointment of the Guardian Ad Litem

The Parties have agreed that Ms. Georgina Ridlay, who is fluent in both English and Spanish, should serve as the Guardian Ad Litem who will represent the members of the putative Class who are minors or who lack capacity; the Guardian Ad Litem will have those responsibilities set forth in the PSA. The Parties, therefore, request the Court to approve and appoint Ms. Georgina Ridlay to serve as the Guardian Ad Litem with authority to perform the duties described in the PSA.

### E.    Approval of Class Settlement Claims Office to
####         Receive Proof of Claim Forms Pending Final Approval

The Proposed Settlement provides that during the period from the publication of the Notice through August 1, 2005, members of the putative Class may submit Proof of Claim Forms, which will be included with the Notice package, setting forth the claims they wish to submit for settlement. Accordingly, the Parties hereby request that the Court approve the receipt of any such Proof of Claim Forms by the Class Settlement Claims Office during the pendency of the final approval and certification of the Class. The Parties also request that the Court authorize the Class Settlement Claims Office to

15

communicate with any putative Class members, Class Counsel and other counsel, concerning Class member's Proof of Claim Forms pursuant to the terms of the Proposed Settlement and the Claims Processing Procedure Protocol.

## CONCLUSION

For the foregoing reasons, the Court should (i) grant preliminary approval of the Proposed Settlement; (ii) approve the form and content of the Notice and direct the Notice be distributed to the putative Class in the manner prescribed in the Proposed Settlement; (iii) schedule a fairness hearing to consider granting final approval of the Proposed Settlement and certification of the putative Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; (iv) approve the appointment of Class Counsel, listed on Exhibit J including Joseph F. Rice, Esq., of Motley Rice LLC, and Terry E. Richardson, Esq., of Richardson, Patrick, Westbrook and Brickman LLC as Co-Lead Class Counsel; (v) approve the appointment of Ms. Georgina Ridlay as the Guardian Ad Litem and direct Ms. Georgina Ridlay to carry out the responsibilities of the Guardian Ad Litem as set forth in the PSA; (vi) approve the appointment of the Honorable A. Victor Rawl as the Special Master and direct the Honorable A. Victor Rawl to carry out the responsibilities of the Special Master as set forth in the PSA; (vii) approve the appointment Poorman-Douglas Corporation as the Notice Agent and direct Poorman-Douglas Corporation to carry out the responsibilities of the Notice Agent as set forth in the PSA; (viii) approve the receipt of Proof of Claim Forms by the Class Settlement Claims Office, and authorize the Class Settlement Claims Office to communicate with any putative Class members, Class Counsel and other counsel, concerning Class member's Proof of Claim Forms pursuant to the terms of the Proposed Settlement and the Claims Processing Procedure Protocol, pending the final approval of the Proposed

16

Settlement; and (ix) authorize Class Counsel to assist members of the putative Class, as requested, in filing out Proof of Claim Forms at the Class Settlement Claims Office in accordance with the PSA and the Claims Processing Procedure Protocol, pending final approval of the settlement and certification of the Class.

DATED:  May 26, 2005

Respectfully submitted,

**PLAINTIFFS AND ALL CLASS COUNSEL IDENTIFIED ON THE ATTACHED EXHIBIT J:**

By s/Joseph F. Rice        date May 26, 2005

Joseph F. Rice, Esq.
Motley Rice, LLC

**Co-Lead Class Counsel**

By s/Terry E. Richardson    date May 26, 2005

Terry E. Richardson, Esq.
Richardson, Patrick, Westbrook and Brickman, LLC

**Co-Lead Class Counsel**

**DEFENDANT:**

**Norfolk Southern Railway Company**

By  s/Daniel B. White   date May 26, 2005

Daniel B. White, Esq.
Gallivan, White & Boyd, P.A.

**Co-Counsel for Defendant**

By  s/Richard H. Willis   date  May 26,  2005

Richard H. Willis, Esq.
Nelson, Mullins, et al. LLP

**Co-Counsel for Defendant**

**<u>Exhibits</u>**

| | |
|---|---|
| Exhibit A | Proposed Settlement Agreement |
| Exhibit B | Affidavit of Sheriff Mike Hunt |
| Exhibit C | Affidavit of Joseph F. Rice, Esq. |
| Exhibit D | Motley Rice Firm Resume |
| Exhibit E | Richardson Firm Resume |
| Exhibit F | Affidavit of Stephen M. Koenig |
| Exhibit G | Affidavit of Alan R. Leff |
| Exhibit H | Affidavit of Richard J. Lee |
| Exhibit I | Affidavit of Cameron Azari, Esq. |
| Exhibit J | List of Class Counsel |

590104.06-New York Server 1A - MSW