IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Jessica Curtis, Timothy Ard, James Splawn, Bethlehem Baptist Church of Graniteville, Inc., Mike Williams Construction LLC, Elizabeth R. Cutright, and Tina Bevington, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Norfolk Southern Railway Company,<br><br>Defendant. | C/A No. 1:05-115-MBS<br><br>**OPINION AND ORDER** |

The within class action arose out of personal injuries and property damages resulting from a train derailment in Graniteville, South Carolina on January 6, 2005. Defendant Norfolk Southern Railway Company admitted simple negligence. A class action settlement, which was comprised of three subclasses, was approved by the court on August 25, 2005 (Entry 133).

This matter came before the court on motions for an order to show cause, preliminary, and permanent injunction filed by Defendant on August 31, 2009 (Entries 202-214) and September 4, 2009 (Entry 220). Defendant contended that the following individuals (collectively, "Plaintiffs"), all of whom are represented by the same counsel, commenced actions in state court asserting identical claims to those that were settled in the class action settlement: Beverly Jean Allen (Subclasses 1, 2); John Ella Coleman (Subclasses 1, 2, 3); Randy Gaines, Jarva Calhoun, Jarrel Stevens, through their guardian ad litem, Wilber Calhoun, Jr. (Subclasses 1, 2, 3); Gregory Hall

(Subclasses 1, 2); Benny Hyrick (Subclass 2); Darryl McKenzie (Subclasses 1, 2, 3); Morris Lawn and Landscape (Subclasses 1, 2); Donald Suell (Subclasses 1, 2); Valley Fair Baptist Church (Subclasses 1, 2); Roosevelt Walker (Subclasses 1, 2); Daisiah Whack, through her guardian ad litem, Darlene Champagne (Subclasses 1, 2, 3); William Hall (Subclasses 1, 2, 3); Dominique Williamson, through her guardian ad litem, Della Mae Jones (Subclasses 1, 2, 3); and K&B Properties (Subclasses 1, 2). Plaintiffs filed responses in opposition to Defendant's motions on October 5, 2009 (Entries 239-251), as well as supplemental responses on October 13, 2009 (Entries 256-266), to which Defendant filed replies on October 22, 2009 (Entries 267-279). Plaintiffs did not dispute that they were members of the subclasses identified by Defendant. Plaintiffs asserted, however, that they are not bound by the class action settlement because they opted out of the identified subclasses.

The court held a hearing on January 11, 2010. At the hearing, and based upon its knowledge of the class action settlement, the court noted that the opt-out deadline for the class settlement was August 1, 2005. Putative class members were to notify Defendant of their decision to opt out through notice to a claims administrator with an address in Portland, Oregon. In this case, the record supports the following:

| | |
|---|---|
| Beverly Jean Allen | An opt-out notice was provided dated January 25, 2007 and addressed to an address in Graniteville, South. The opt-out notice is facially invalid. |
| John Ella Coleman | An opt-out notice was provided dated June 30, 2005 and addressed to the claims administrator in Portland, Oregon. However, Plaintiff was unable to provide a copy of the notice marked with a bar code or date stamp to demonstrate that the notice actually was sent. |
| Randy Gaines, | Opt-out notices dated January 27, 2007 and addressed to an |

| | |
|---|---|
| Jarva Calhoun, Jarrel Stevens | address in Graniteville, South Carolina were provided on behalf of Randy Gaines and Jarrel Stevens. These notices are facially invalid. No opt-out notice was provided on behalf of Jarva Calhoun. |
| Gregory Hall | An opt-out notice dated August 10, 2005 and addressed to the Portland, Oregon address was provided. The notice showed no bar code or date stamp. In addition, the record contains evidence that Mr. Hall participated in the class settlement for Subclasses 1 and 2 and that he opted out of Subclass 3 only. |
| Benny Hyrick | An opt-out notice dated June 25, 2005 and addressed to the Portland, Oregon address was provided. However, the notice contained no bar code or date stamp to demonstrate that the notice actually was mailed. |
| Darryl McKenzie | An opt-out notice dated March 19, 2007 and mailed to an address in Graniteville, South Carolina was provided. The notice is facially invalid. |
| Morris Lawn and Landscape | No opt-out form was provided to the court. |
| Donald Suell | An opt-out form dated February 17, 2007 was provided. The form is facially invalid. |
| Valley Fair Baptist Church | An opt-out form dated July 11, 2005 and addressed to the Portland, Oregon address was provided. However, the form contains no bar code or date stamp to demonstrate that the form was mailed. |
| Roosevelt Walker | No opt-out form was provided to the court. Moreover, the evidence suggests that Mr. Walker participated in the class action settlement. |
| Daisiah Whack | An undated opt-out form addressed to an address in Graniteville, South Carolina was provided. The form contained no bar code or receipt stamp to demonstrate that the opt-out notice had been mailed. |
| William Hall | An opt-out form dated January 6, 2007 addressed to an address in Graniteville, South Carolina was provided. The form is facially invalid. Moreover, the evidence suggests that |

|                      |                                                                                      |
|----------------------|--------------------------------------------------------------------------------------|
|                      | Mr. Hall participated in the class action settlement.                                |
| Dominique Williamson | An opt-out form dated March 26, 2007 was provided. The form is facially invalid.     |
| K&B Properties       | No information regarding an opt-out form was provided.                               |

Accordingly, by orders filed February 8, 2010 (Entries 292-299) and February 9, 2010 (Entries 301-306), the court granted Defendant's motions and further granted Defendant's request for attorneys' fees associated with the motions.

Plaintiffs filed motions for reconsideration on February 19, 2010 (Entries 324, 326-327, 329-330, 332-338), to which Defendant filed memoranda in opposition on March 8, 2010 (Entries 350-361).[1] Plaintiffs filed a joint reply in support of their motions on April 22, 2010 (Entry 372), to which Defendant filed a surreply on April 26, 2010 (Entry 373). In addition, Defendant filed motions supporting their request for attorneys' fees on February 22, 2010 (Entries 320-323, 325, 328, 331, 340-345, 347). Plaintiffs filed responses in opposition to Defendant's motions for attorney's fees on March 8, 2010 (Entries 348-361), to which Defendant filed a reply on March 15, 2010 (Entry 364).

The court held a second hearing on April 14, 2010. The court denied Plaintiffs' motions for reconsideration, concluding that Plaintiffs failed to meet their burden of establishing that they had opted out of the class settlement. As noted, the court previously granted Defendant's request for attorney's fees. The court took Defendants' motions for attorney's fees under advisement.

The issue at this stage of the proceedings is the court's consideration of the factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216, 236 n. 28 (4th Cir. 1978), as well as any exceptional

---

[1] No motion for reconsideration was filed as to Roosevelt Walker or K&B Properties.

4

circumstances and the ability of the party to pay the fee. See Local Civil Rule 54.02, D.S.C. The Barber factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Id.

Defendant was represented by Gregory P. Sloan; Ronald K. Wray, II; Frances G. Zacher; Laura E. Figueroa; and J. Kevin Couch. Messrs. Sloan and Wray are shareholders with Gallivan, White & Boyd, P.A. Ms. Zacher, Ms. Figueroa, and Mr. Couch are associates. According to Defendant, the attorneys' time was spent preparing the motions, other supporting documents, and in preparation for the hearings. Defendant contends that the preparation for the motions recently before the court required analyzing each Plaintiff's state court claims to determine whether they were barred by the class action settlement and an investigation in to whether each Plaintiff had opted out of the identified subclass. Defendant contends that counsel met with opposing counsel regarding dismissal of the state court cases based on the evidence presented to the court; however, Plaintiffs' counsel refused to dismiss the barred claims. Defendant argues that preparation of the motions for order to show cause, preliminary and permanent injunction required knowledge and particular skills by counsel familiar with the within class action and other litigation surrounding the derailment in Graniteville, South Carolina. Defendant further asserts that it was forced to divert resources from

other litigation to defend the state court actions that appear to have been grounded on claims disposed of by the class action settlement. Defendant notes that the within litigation has been ongoing since 2005 and counsel have been representing Defendant since that time with respect to the voluminous state and federal court actions. Defendant further asserts that the attorney's fees should be assessed against Plaintiff's counsel individually because of his conduct in filing actions in state court in contravention of the express terms of the class action settlement agreement, and without a reasonable basis for believing that Plaintiffs had opted out of the identified subclasses. Defendant seeks attorney's fees as follows:

| | |
|---|---|
| Beverly Jean Allen | $3,846.52 |
| John Ella Coleman | $4,379.22 |
| Randy Gaines, Jarva Calhoun, Jarrel Stevens | $9,158.26 |
| Gregory Hall | $3,792.12 |
| Benny Hyrick | $2,967.52 |
| Darryl McKenzie | $4,257.32 |
| Morris Lawn and Landscape | $2,912.62 |
| Donald Suell | $3,334.82 |
| Valley Fair Baptist Church | $2,871.32 |
| Roosevelt Walker | $3,422.22 |
| Daisiah Whack | $2,756.32 |
| William Hall | $3,301.22 |

| | |
|---|---|
| Dominique Williamson | $3,080.68 |
| K&B Properties | $2,465.92 |
| TOTAL: | $52,546.08 |

The court concludes that the attorneys' fees are reasonable under the Barber factors. The court further agrees that attorneys' fees should be borne by counsel for Plaintiffs. The court is at a loss to explain Plaintiffs' counsel's obduracy in the face of information provided to him by Defendant with respect to the state court claims barred by the class action settlement. However, the court, having observed Plaintiff's counsel and judged his credibility, and having listened to his arguments in justification for his actions, finds that Plaintiffs' counsel's errors and omissions are the result of inefficiency and lack of competence in dealing with an excessive number of clients, and not the result of bad faith or willful misconduct. Moreover, there appears to be an issue of fact as to whether Plaintiff John Ella Coleman opted out of the class that has not been fully resolved by submissions. Because of these exceptional circumstances, Defendant shall have judgment against Plaintiff's counsel, individually, for attorney's fees in the total amount of $52,546.08.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 18, 2010