IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jessica Curtis, Timothy Ard, James Splawn, Bethlehem Baptist Church of Graniteville, Inc., Mike Williams Construction LLC, Elizabeth R. Cutright, and Tina Bevington, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Norfolk Southern Railway Company,<br><br>    Defendant. | C/A No. 1:05-115-MBS<br><br><br><br><br><br><br>**OPINION AND ORDER** |

The within class action arose out of personal injuries and property damages resulting from a train derailment in Graniteville, South Carolina on January 6, 2005. Defendant Norfolk Southern Railway Company admitted simple negligence. A class action settlement, which was comprised of three subclasses, was approved by the court on August 25, 2005 (Entry 133).

This matter came before the court on motion for an order to show cause, preliminary, and permanent injunction filed by Defendant on February 19, 2010 (Entries 310). Defendant contended that Elizabeth Cutright ("Plaintiff"), represented by counsel, commenced an action in state court asserting identical claims to those that were settled in Subclasses 1 and 2 the class action settlement.[1] Plaintiff filed no response in opposition to Defendant's motion. Accordingly, the court granted Defendant's motion by order filed April 16, 2010 (Entry 370). In addition, the court granted Defendant's request for attorneys' fees associated with the motion. Defendant filed a motion supporting its request for attorneys' fees on May 14, 2010 (Entry 374). Plaintiff filed no response

---

[1] Plaintiff opted out of Subclass 3 only.

in opposition to Defendant's motion for attorney's fees.

The court turns to the consideration of the factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216, 236 n. 28 (4th Cir. 1978), as well as any exceptional circumstances and the ability of the party to pay the fee, as required by Local Civil Rule 54.02, D.S.C. The Barber factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Id.

Defendant was represented by Gregory P. Sloan; Christopher M. Kelly, Adam C. Bach, and Frances G. Zacher. Messrs. Sloan and Kelly are shareholders with Gallivan, White & Boyd, P.A. Mr. Bach and Ms. Zacher. According to Defendant, the attorneys' time was spent preparing the motions, other supporting documents, and in preparation for the hearings. Defendant contends that the preparation for the motions recently before the court required analyzing Plaintiff's state court claims to determine whether they were barred by the class action settlement and an investigation in to whether Plaintiff had opted out of the identified subclass. Defendant contends it requested a meeting with Plaintiff's counsel regarding dismissal of the state court case based on the evidence presented to the court; however, Plaintiff's counsel did not respond to Defendant's request. Defendant argues that preparation of the motion for order to show cause, preliminary and permanent

injunction required knowledge and particular skills by counsel familiar with the within class action and other litigation surrounding the derailment in Graniteville, South Carolina. Defendant further asserts that it was forced to divert resources from other litigation to defend the state court action. Defendant notes that the within litigation has been ongoing since 2005 and counsel have been representing Defendant since that time with respect to the voluminous state and federal court actions. Defendant further asserts that the attorney's fees should be assessed against Plaintiff's counsel individually because of his conduct in filing an action in state court in contravention of the express terms of the class action settlement agreement. Defendant seeks attorney's fees in the amount of $1,570.10.

The court concludes that the attorneys' fees are reasonable under the <u>Barber</u> factors. The court further agrees that attorneys' fees should be borne by counsel for Plaintiff. The court has previously held hearings in an effort to discern Plaintiff's counsel's rationale for filing state court actions that are barred by the various class action settlements. At this stage of the proceedings, where Plaintiff's counsel is fully aware of previous errors and omissions, the court fails to perceive any justification for his continued actions in pursuing state court claims in contravention of the court's order approving the class action settlement in this case. Accordingly, Defendant shall have judgment against Plaintiff's counsel, individually, for attorney's fees in the amount of **$1,570.10**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 18, 2010